## Ex Parte Lillie Clark.

### No. 9111.  Rendered December 3, 1924.

No motion for rehearing filed.

1.—Habeas Corpus—Bail Refused.

Relator is under accusation of killing her husband Virgil Clark.  From an order of the District Judge of the 39th Judicial District, remanding her to custody, without bail, this appeal is brought.  Under the evidence as presented in this record, bail was properly refused.

Appeal from the District Court of Jones County.  Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from an order of the District Judge of the Thirty-ninth Judicial District remanding her to custody, without bail.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Relator is under accusation of killing her husband, Virgil Clark.  From an order of the District Judge of the 39th Judicial District remanding her to custody without bail this appeal is brought.

Relator and her husband had been married for a number of years.  The evidence indicates that their family relations had not always been pleasant, some of the witnesses testifying that they had heard relator and deceased cursing one another, and others that they had heard exchanges of uncomplimentary language between them.  The statement of relator introduced in evidence shows that on the night of the killing she, her husband, their little girl and a guest by the name of Brown occupied the same room.  Brown slept in one bed and deceased and his daughter went to bed in another while relator made her pallet on the floor.  A short time after they retired the child left deceased's bed and got on the pallet with relator.  We quote from relator's statement:

"I lay there on the pallet and decided to kill my husband, the first think I did was cut off my hair and throw it out at the door; the reason I did this was so I could say if it became necessary that some one else had come in and cut off my hair and killed my husband.  I cut off my hair about 11 o'clock, about 11:30 I reached over and in a dresser drawer that was near my pallet and took therefrom a pistol and while sitting on the pallet I shot my husband in the top of the head."

The foregoing statement would indicate that relator deliberately planned to take deceased's life and in order that she might throw suspicion on some one else as the perpetrator of the act cut off her own hair. The evidence further shows that the first story she told conformed to the plan previously made by her as she reported that someone had killed her husband and had also cut off her hair. The floor in the room adjoining the one in which the killing occurred had pulled away from the wall some inches. The pistol with which the killing was done was found secreted under the floor.

We think it unnecessary to make a further detailed statement of the evidence. We fail to perceive any reason that would authorize us in concluding that the learned judge who remanded relator without bail committed any error in so doing.

The judgment will therefore be affirmed.

*Affirmed.*